```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
CHANTEL MAPP-LESLIE,

                    Plaintiff,
                                                                    MEMORANDUM & ORDER
        - against -                                                 19-CV-7142 (PKC)

NORWEGIAN AIRLINES,

                    Defendant.
-------------------------------------------------------------x
```
PAMELA K. CHEN, United States District Judge:

On December 17, 2019, Plaintiff Chantel Mapp-Leslie commenced the instant *pro se* action against Defendant Norwegian Airlines, alleging a violation of her rights under the Americans with Disabilities Act (the "ADA"). The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons set forth below, the Court dismisses this action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## BACKGROUND

Plaintiff's complaint alleges as follows.[1] On an unspecified date, Plaintiff, who resides in London, England, purchased a ticket to fly from New York to London on Norwegian Airlines. (Complaint ("Compl."), Dkt. 1, at 4.) Plaintiff has a disability and travels with a service animal. (*Id.*) At the time she purchased her ticket, Plaintiff provided "all necessary documents" for her dog, including "updated records of all legal requirements nationally," "all updated shots and documentation," and "approval to travel by the Department [of] Agriculture." (*Id.*) When Plaintiff checked in for her flight, she was informed that Defendant no longer allowed animals on

---

[1] "At the pleadings stage of a case, the court assumes the truth of 'all well-pleaded, nonconclusory factual allegations' in the complaint." *Durant v. N.Y.C. Hous. Auth.*, No. 12-CV-937 (NGG) (JMA), 2012 WL 928343, at *1 (E.D.N.Y. Mar. 19, 2012) (quoting *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 123 (2d Cir. 2010)).

its flights unless the animals were trained by a specific company recognized by Defendant. (*Id.* at 5.) Plaintiff contacted her United Nations representative and was informed that Defendant could not be forced to fly her service animal. (*Id.*) Defendant would not allow Plaintiff's service animal to fly, and the animal was surrendered to the New York Police Department. (*Id.*)

Plaintiff alleges that, as a result of not having her service animal, Plaintiff's "illness escalated" and she suffered "Loss of Kidneys," "Loss of Lungs," and "Pace Maker," and was hospitalized for over a year, until December 2019. (*Id.*) Plaintiff alleges an amount in controversy of one million pounds. (*Id.* at 4.) As a basis for the Court's jurisdiction, Plaintiff has indicated "Federal Jurisdiction" and specifies Title II of the Americans with Disabilities Act. (*Id.* at 3.)

## STANDARD OF REVIEW

A district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise "the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–76 (2d Cir. 2006) (quotations omitted), even a *pro se* complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

**DISCUSSION**

Plaintiff alleges that Defendant violated the ADA by not allowing her service animal on a flight operated by Defendant. Plaintiff brings her claim under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The statute defines a "public entity" as "(A) any State or local government; (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (C) the National Railroad Passenger Corporation, and any commuter authority . . . ." 42 U.S.C. § 12131(1). The Court finds that this provision does not apply to Plaintiff's case, as a private airline is not a public entity per the statutory definition, and Defendant thus is not subject to liability under Title II of the ADA. *See Green v. City of New York*, 465 F.3d 65, 78–79 (2d Cir. 2006) (affirming dismissal of claims against a private entity under Title II of the ADA); *Ruta v. Delta Airlines, Inc.*, 322 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) ("Title II of the ADA simply does not cover air travel[.]").

The Court, *sua sponte*, next considers a claim under Title III of the ADA, which provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). Title III covers "[s]pecified public transportation" but specifically excludes "aircraft." *See* 42 U.S.C. § 12181(10) ("The term 'specified public transportation' means transportation by bus, rail, or any other conveyance (other than by aircraft) that provides the general public with general or special service (including charter service) on a regular and continuing basis."); *see also Lopez v. Jet Blue Airways*, 662 F.3d 593,

3

598–99 (2d Cir. 2011) ("Air carriers are not liable under [Title III] for disability discrimination in the provision of services related to air transportation. . . . [P]ublic transportation terminals, depots, or stations used primarily to facilitate air transportation are not 'public accommodations' for purposes of Title III of the ADA." (internal brackets omitted)).[2] Thus, the Court finds that Plaintiff does not state a viable claim under Title III of the ADA.

Accordingly, because the ADA does not apply to air carriers, Plaintiff's claims against Defendant under the ADA[3] are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court also considers, *sua sponte*, whether Plaintiff states a viable claim under the Air Carrier Access Act (the "ACAA") and concludes that Plaintiff does not. The ACAA prohibits air carriers from discriminating against "an otherwise qualified individual" because "the individual has a physical or mental impairment that substantially limits one or more major life activities." 49 U.S.C. § 41705(a)(1). However, the ACAA is implemented by regulations promulgated and enforced by the United States Department of Transportation and is widely interpreted not to provide a private right of action. *See Stokes v. Southwest Airlines*, 887 F.3d 199, 201 (5th Cir. 2018) ("We therefore join every post-*Sandoval*[4] federal court to consider the issue and hold that

---

[2] Moreover, while Plaintiff seeks only monetary damages, the only remedy available under Title III of the ADA is injunctive relief. *See* 42 U.S.C. § 12188(a)(1); *see also Krist v. Kolombos Rest. Inc.* 688 F.3d 89, 94 (2d Cir. 2012) (finding that Title III of the ADA "authorizes private actions only for injunctive relief, not monetary damages"); *Powell v. Nat'l Bd. of Med. Exam'rs*, 364 F.3d 79, 86 (2d Cir. 2004) ("Monetary relief, however, is not available to private individuals under Title III of the ADA." (citing 42 U.S.C. § 12188(a)(1))).

[3] ADA claims are also subject to a statute of limitations, a period of time within which a plaintiff can bring a claim after the allegedly discriminatory act. Plaintiff has not indicated when the incident occurred.

[4] *See Alexander v. Sandoval*, 532 U.S. 275, 286–87 (2001) ("If the statute does not itself so provide, a private cause of action will not be created through judicial mandate.").

the ACAA confers no such private right of action."); *Lopez*, 662 F.3d at 597–98 ("[T]he text and structure of the ACAA manifests no congressional intent to create a private right of action in a federal district court."); *Love v. Delta Air Lines*, 310 F.3d 1347, 1354 (11th Cir. 2002) ("[T]he text of the ACAA itself . . . and the surrounding statutory and regulatory structure . . . belie[] any congressional intent to create a private remedy.").

## CONCLUSION

For the foregoing reasons, Plaintiff's claims under the ADA are dismissed for failure to state a claim, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff's request for the appointment of *pro bono* counsel is dismissed as moot. Though ordinarily the Court would allow Plaintiff an opportunity to amend her pleading, *see Cruz v. Gomez*, 202 F.3d 593, 597–98 (2d Cir. 2000), such an opportunity is not warranted here, as it is clear from the face of the complaint that any such amendment would be futile, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [Plaintiff]'s causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal of this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this case accordingly.

SO ORDERED.

/s/ Pamela K. Chen
Pamela K. Chen
United States District Judge

Dated: January 17, 2020
      Brooklyn, New York